## YOUNG v. PENNSYLVANIA R. CO.
### No. 244, Docket 22329.

United States Court of Appeals
Second Circuit.

Argued May 9, 1952.

Decided June 24, 1952.

Chase, Circuit Judge, dissented.

Arkin, Lebovici & Kottler, New York City, Joseph Kottler and Edward Arkin, New York City, of counsel, for appellant.

Conboy, Hewitt, O'Brien & Boardman, New York City, David J. Mountan, Jr., New York City, of counsel, for appellee.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

PER CURIAM.

This is an action brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., by a dining car waiter to recover damages for a contact dermatitis on hands and arms alleged to have been caused by the use of three well-known products supplied by his employer for cleaning and sterilizing dining car equipment. The plaintiff's medical witness diagnosed his condition as "a dermatitis, that is, an inflammation of the skin as a result of contact with irritants" and expressed the opinion that it resulted from contact with Diversol, Roccal and Green's Silver Polish, each of which was an irritant if used for a prolonged period. Motions for a directed verdict were denied and the jury returned a verdict for the plaintiff in the amount of $3,500. Upon motion under Rule 50(b), Fed.R.Civ.P., 28 U.S.C.A., the verdict was set aside and judgment directed in favor of the defendant. The court's memorandum in support of his order is printed in the margin.[1]

From the evidence the jury could find that the plaintiff was exposed to the harmful effects of the above named irritants for long periods of time and that such exposure caused his injury. On the subject of negligence the jury was instructed that for the plaintiff to recover they must find that the use of the three cleansing agents created a risk of injury to the plaintiff which a reasonable person would have guarded against, and that the defendant did not take such measures to guard against that risk as would have been taken by a reasonably prudent man. Although there was no evidence that any other employee

---

1. "Giving the plaintiff the advantage of every inference from the evidence and resolving every conflict in his favor and assuming that defendant knew that Diversol, Roccal and Green's Silver Polish were irritants, there is no evidence that the defendant had any reason to believe that the use of those products in the manner and under the circumstances established by the evidence so considered would cause harm to the plaintiff the defendant was therefore under no duty to guard against any harm that resulted from such use."

of the defendant had ever been similarly affected and representatives of the manufacturers of the cleansing products testified that they were widely used for the same purposes for which the defendant used them and no such injury had ever occurred so far as they knew, we think a jury question was presented. The plaintiff testified that he visited the defendant's medical department at various times when the rash showed on his hands and the defendant's response to interrogatories acknowledged that the medical examiner of the railroad knew that the plaintiff claimed to be suffering from a dermatitis of undetermined cause. Although the proof was far from strong, we think it was error to set aside the verdict. Cf. Urie v. Thompson, 337 U.S. 163, 178, 69 S.Ct. 1018, 93 L.Ed. 1282.

Judgment for the defendant is reversed and the judgment for the plaintiff on the jury's verdict is reinstated.

CHASE, Circuit Judge, dissents without opinion.